IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY LUTTRULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-10-552-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pursuant to 42 U. S. C. § 405(g), plaintiff brought this action for judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability insurance benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Valerie K. Couch for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B) and (C).

On May 23, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 18] in which she recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

In reviewing the Commissioner's decision, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d

at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge ("ALJ") in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, Plaintiff asserts only one argument in support of his contention that the ALJ erred in denying his claim. According to Plaintiff, the ALJ erred in assigning weight to the opinion of a physician's assistant, Mark A. Sizemore ("Sizemore"), who participated in Plaintiff's treatment. In a note regarding Plaintiff, Mr. Sizemore opined that Plaintiff was "temporarily and totally disabled." Administrative Record at p. 179. Plaintiff argued that the ALJ erred in failing to analyze that opinion. In the Report and Recommendation, the Magistrate Judge discussed this argument at length; after a thorough discussion of the law applicable to physician assistant opinions, she concluded that the ALJ did not err in applying the law or the evidence in this case.

In his objection, Plaintiff again asserts that the ALJ erred in assessing Mr. Sizemore's opinion. Although Plaintiff expressly agrees with the Magistrate Judge's explanation of the law governing physician assistant opinions in Social Security disability cases, he contends the Magistrate Judge improperly supplied evidence from the record which was not considered by the ALJ.

Because Plaintiff does not challenge the Magistrate Judge's discussion of the applicable law, the Court need not repeat the discussion at pages 5 through 7 of the Report and Recommendation; that discussion is adopted as though fully set forth herein. In brief summary, however, the Social

Security Administration has determined physician assistant opinions are not medical opinions within the meaning of the Social Security regulations. Soc. Sec. Ruling 06-03p, 2006 WL 2329939, 15 * 3. Instead, they are considered "other medical sources," the consideration of which is also required in evaluating evidence of a claimant's disability. *Id.; see also* 20 C. F. R. §§ 404.1513, 404.1527; *Frantz v. Astrue*, 509 F. 3d 1299, 1301-02 (10th Cir. 2007). Furthermore, the factors listed in 20 C. F. R. § 404.1527(d), although expressly applicable only to the evaluation of medical opinions of acceptable medical sources, "can be applied to opinion evidence from 'other medical sources.'" Soc. Sec. Ruling 06-03p, at *4.

As the Magistrate Judge pointed out in the Report and Recommendation, the ALJ discussed the opinion expressed by Mr. Sizemore regarding Plaintiff. After assessing that opinion, the ALJ concluded that it constituted a "conclusory allegation of disability" rather than a "medical source statement on the claimant's ability to work on a function-by-function basis." Administrative Record at p. 22. The record also reflects that Mr. Sizemore's note opining that Plaintiff was "temporarily and totally disabled" was entered on the first day that Mr. Sizemore met with Plaintiff. Administrative Record, p. 176.

Plaintiff criticizes the ALJ for failing to recite in detail each of the 20 C. F. R. §404.1527(d) factors when evaluating the weight to be given Mr. Sizemore's opinion. However, as the Magistrate Judge noted in the Report and Recommendation, express application of each factor is not required, even where the factors are applied to a treating source's medical opinion. *Armijo v. Astrue*, 385 F. App'x 789, 795 (10th Cir. 2010) (unpublished opinion) (citing *Oldham v. Astrue*, 509 F. 3d 1254, 1258 (10th Cir. 2007) and *Watkins v. Barnhart*, 350 F. 3d 1297, 1300 (10th Cir. 2003)). In this case, the Court agrees with the Magistrate Judge that the ALJ's discussion of the medical evidence in the

record, including the notes and records of Mr. Sizemore and his supervising physician, Dr. Jeffrey Baker, properly reflects his consideration of the critical factors applicable to Plaintiff, as required by the Tenth Circuit. *See Armijo*, 385 F. App'x at 795-96.

Having fully reviewed the Report and Recommendation and the citations to the Administrative Record, the Court agrees with the Magistrate Judge that the ALJ did not err in evaluating the opinion of Mr. Sizemore in the context of the medical evidence of record. The Court disagrees with Plaintiff's contention that the Magistrate Judge improperly enhanced the ALJ's opinion by discussing matters of record that the ALJ did not cite. It is clear from the ALJ's opinion and conclusions that the proper factors were considered and evaluated.

Having reviewed the matter *de novo*, the Court concludes that the Commissioner's decision denying Plaintiff's application for benefits is not based on a lack of substantial evidence or an error of law. Accordingly, the Report and Recommendation [Doc. No. 18] is adopted as though fully set forth herein. The decision of the Commissioner is affirmed, and judgment shall enter accordingly.

IT IS SO ORDERED this 20th day of June, 2011.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE